TINSMAN et al. v. F. R. PATCH MFG. CO.

(Circuit Court of Appeals, Third Circuit. February 23, 1900.)

No. 12.

1. SALE—CONSTRUCTION OF CONTRACT—ACTION FOR PRICE.

A contract for the sale of machinery to be set up "ready to run" by the seller which provided that one-fourth of the price should be paid when the machinery was delivered, one-fourth 10 days after the successful operation of the same, and the remainder 90 days after the successful operation of the same, cannot be construed to require the machinery to stand a test of 10 days' successful operation before the second payment became due, and of 90 days before the final payment should be due.

2. APPEAL—REVIEW—NECESSITY OF EXCEPTION.

An assignment of error in the charge of the court must be based on an exception taken at the time of the trial to entitle it to be considered on a writ of error.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion on motion for new trial, see 94 Fed. 1023.

Alfred P. Reid, for plaintiffs in error.

C. La Rue Munson, for defendant in error.

Before ACHESON and GRAY, Circuit Judges, and KIRKPAT-RICK, District Judge.

KIRKPATRICK, District Judge. This action was brought to recover the alleged balance due on the price of machinery sold by the plaintiffs to the defendants under a contract which provided that the plaintiffs should furnish such machinery ready to run, and connected with electric motors, in accordance with plan of mill and building submitted; all foundations to be erected by the defendants according to plans and specifications furnished by the plaintiffs; payments to be made 25 per centum of the amount on delivery of machinery at the ground, 25 per centum 10 days after the successful operation of the same, and the balance 90 days after the successful operation of the same. The record shows the delivery of the machinery and the payment of the 25 per centum of the price as required by the contract. It was set up on the defendants' premises, and various defects were found in the same, which were afterwards remedied, for some of which changes charges of extra work were made. Payments were made from time to time by the defendants, but at the time the suit was begun there was still a large part of the contract price unpaid. The defendants objected to the payment of this balance, because they said that the machinery had never been in successful operation, as provided for in the contract, and that the cause of its failure was defects in its construction and in the erection of the same by the plaintiffs, and therefore that by the terms of the contract the purchase price was not due. The alleged defects upon which the defendants principally relied related to the instability of the machinery, due, as they said, to the insufficient foundations upon which the machinery was placed, and the failure of the plaintiffs to provide guards for

the screws or nuts of the machine which would prevent the dirt or waste .from the saws so clogging them as to interfere with the successful operation of the machine.

In his charge to the jury, the learned judge, speaking of the contract, said, "The defendants were to erect the foundations and furnish the necessary power and common labor and some other matters specified in the contract." This part of the charge is made the subject ·of the defendants' first exception, the error assigned being that the learned judge failed to state that the said foundations. were to be built according to the plans and specifications of the plaintiffs below. Inasmuch as one of the alleged defects in the practical operation of the machinery was said to be due to the insufficiency of these foundations, it was of considerable consequence whether the defects, if any, were due to the plans prepared by the plaintiffs, or to the construction by the defendants. Standing alone, the part of the charge quoted might well seem to be objectionable in omitting this important clause of the contract, but the learned judge elsewhere referred the jury to the contract itself as setting out its terms and conditions. The learned judge identified it as the paper he held in his hand, as being the one which had been read in the hearing of the jury on the trial of the cause. It was the same which was afterwards taken by the jury into the jury room for consideration. In addition to this, the omitted clause was specifically alluded to in the presence of the jury at the conclusion of the charge of the learned judge, and the attention of the jury directed to it by counsel in such manner as forbids us to believe that the apparent failure of the court to mention it worked any harm to the defendants.

The subject-matter of the third assignment of error relates to the alleged defects in the machinery incident to the failure of the plaintiffs to provide protection to the exposed screws from the dirt and waste of the horizontal saws. The learned judge charged the jury that "the custom of the trade puts the obligation to protect these screws upon the person who buys the machine." The defendant insisted that a protection for the screws was a part of the machine necessary to its successful operation, while, on the other side, it was contended that the "gauges" or saws could be and were operated by skilled sawyers without protection of any kind being required for the screws, and that such protection was rendered necessary only by incompetency or inefficiency of unskilled operators. The machine, they said, was "ready to run" when it was in a condition to be successfully operated by skilled workmen. It was not contemplated that means should be furnished to enable incompetent persons to keep it running after once it was ready. A careful reading of the charge of the learned judge satisfies us that he fairly and fully presented to the jury this branch of the case, and left to them the determination of the facts relating thereto.

We are also satisfied with the correctness of the interpretation put upon the contract by the learned judge, both as respects the liability of the defendants, in case of acceptance, to pay for the·

machinery, even if defective, according to the terms of the contract, as well as in respect to the time when the payments became due. The defendants' counsel, in their brief, admit that the learned judge correctly stated the law as to the first proposition, but complains that it was applied to this case in such a vague and misleading manner as to work them injury. We do not think the charge bears this construction. If the jury did not understand the legal meaning of an acceptance, the fault did not lie with the learned judge. With regard to the time when the payments fell due, the words of the contract must govern. As we read it, the plaintiffs were obliged to set up the machinery "ready to run," and to demonstrate that it could be successfully operated, and that 90 days after such successful operation the purchase price was payable. That the machinery should stand a test of 10 days' successful operation before the second payment became due, and a further test of 90 days before last payment became due, is a forced construction, which the contract will not bear.

The second assignment of error does not seem to be founded on any exception taken at the time of the trial, and is not, therefore, properly before the court for consideration. Tucker v. U. S., 151 U. S. 164, 14 Sup. Ct. 299, 38 L. Ed. 112. If it were, we might say that we regard the language of the learned judge warranted by the evidence in the cause. As was said by the learned judge in his refusal to grant a new trial, "The amount of the verdict shows conclusively that the jury were satisfied from the evidence that the machinery had been accepted by the defendants," and their liability thereby fixed. We find no error in the charge of the learned judge. The judgment will be affirmed, with costs.